IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN REID,                                Civ. No. 04-3046-AA

        Plaintiff,                    OPINION AND ORDER

   v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

        Defendant.
_____

Tim Wilborn
WILBORN & ASSOCIATES
2020-C S.W. 8th Avenue, PMB #294
West Linn, Oregon 97068
    Attorney for plaintiff

Karin J. Immergut
United States Attorney
Craig J. Casey
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

1 - OPINION AND ORDER

Franco L. Becia
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075
     Attorneys for Defendant

AIKEN, Judge:

Plaintiff Steven Reid brings this action under 42 U.S.C. §§ 405(g), 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and Supplemental Security Income (SSI) benefits under Titles II and XVI of the Social Security Act (the Act). The Commissioner's decision is reversed and remanded for further administrative proceedings.

## BACKGROUND

On October 4, 1999, plaintiff protectively filed his applications for disability insurance and SSI benefits. Tr. 83-87, 599-602. His applications were denied initially and upon reconsideration, and plaintiff timely requested an administrative hearing. Tr. 52-57, 604-611. On April 5 and 11, 2002, plaintiff, his mother, a medical expert, and a vocational expert appeared and testified before an administrative law judge (ALJ). Tr. 615-710. On May 9, 2002, the ALJ issued a decision finding plaintiff not disabled, because he was able to perform other work. Tr. 27-40. On March 29, 2004, the Appeals Council denied plaintiff's request for review, and the ALJ's ruling became the final decision of the Commissioner. Tr. 10-12. Plaintiff now seeks judicial review.

At the time of the ALJ's decision, plaintiff was forty-four years old with less than a high school education and past relevant work as a mechanic, heavy equipment operator, pipe layer, and construction laborer. Tr. 28, 120-21. Plaintiff alleges disability since July 1, 1994 due to psychological impairments and chronic back and shoulder pain. Tr. 28, 111.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant five-step sequential process. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. In step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 29-30; 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the ALJ found that plaintiff's psychological impairments, alcoholism, degenerative disc disease, and post- ankle and shoulder fractures were "medically severe impairment[s] or combination of impairments." Tr. 35; 20 C.F.R. §§ 404.1520(c), 416.920(c). Accordingly, the inquiry moved to step three.

In step three, the ALJ found that none of plaintiff's impairment was "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity" or medically equivalent to any of the listed impairments so as to establish disability. Tr. 35; 20 C.F.R. §§ 404.1520(d), 416.920(d). Thus, the analysis proceeded to step four. In step four, the ALJ found that plaintiff did not retain the residual functional capacity (RFC) to perform his "past relevant work." Tr. 36; 20 C.F.R. §§ 404.1520(e), 416.920(e); Social Security

Regulation (SSR) 96-8p. Specifically, the ALJ found that plaintiff could perform a reduced range of light work limited to simple and repetitive tasks, no detailed instructions, and only sporadic contact with other people. Tr. 36

In step five, the burden shifted to the Commissioner, and the ALJ found that plaintiff was capable of performing other work that exists in the national economy. Tr. 37-38; 20 C.F.R. §§ 404.1520(f), 416.920(f). Therefore, the ALJ found plaintiff not disabled under the meaning of the Act.

## DISCUSSION

Plaintiff asserts that the ALJ's decision should be reversed and remanded for payment of benefits, because the ALJ failed to give clear and convincing reasons for discrediting the opinion of an examining physician, improperly evaluated the testimony of the medical expert, and relied on erroneous vocational expert testimony. Plaintiff alleges that had the ALJ evaluated this evidence properly, plaintiff's severe psychological impairments would have met or equaled the listings and his residual functional capacity would preclude the ability to perform other work.

I agree that the Commissioner's decision is not supported by evidence in the record, although for reasons not raised by either party. As an initial matter, I note that plaintiff does not contest the ALJ's rejection of plaintiff's subjective complaints of pain and alleged physical limitations, and I find the ALJ's

5 - OPINION AND ORDER

findings amply supported by the record in those respects. Tr. 36. Instead, I find that the ALJ erred in failing to consider the medical source opinions and other evidence of record regarding plaintiff's psychological impairments without regard to plaintiff's alcohol abuse.

On March 26, 1996, Congress enacted § 105 of the Contract with America Advancement Act, amending 42 U.S.C. §§ 423(d)(2) and 1382c(a)(3).[1] The amendments and implementing regulations effectively deny social security disability benefits to claimants whose alcoholism or drug addiction is a contributing factor material to the determination of his or her disability. See 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535, 416.935. "In materiality determinations pursuant to 42 U.S.C. § 423(d)(2)(C), the claimant bears the burden of proving that his alcoholism or drug addiction is not a contributing factor material

---

[1] 42 U.S.C. §§ 423(d)(2)(C) and 1382c(a)(3)(J) provide:

> An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

The amendments to §§ 423(d)(2) and 1382c(a)(3) apply to plaintiff's disability claims, because they were not "finally adjudicated by the Commissioner" until the Appeals Council denied review on March 29, 2004, "well after the March 29, 1996 enactment date of the relevant amendments." Ball v. Massinari, 254 F.3d 817, 820 (9th Cir. 2001) ("The effective date provision of the amendments set forth at P.L. No. 104-121 § 105(a)(5)(A) applies to those claimants whose claims were not finally adjudicated by March 29, 1996.").

to his disability determination." Ball v. Massinari, 254 F.3d 817, 821 (9th Cir. 2001).

The "key factor" in determining whether alcohol or drug addiction is a contributing factor is whether the claimant would be disabled but for the drug or alcohol addiction. 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1). In other words, if the claimant's remaining limitations - absent drug and alcohol use - would not be disabling, the drug or alcohol addiction is a contributing factor material to the disability and the claimant is ineligible for benefits. Id. §§ 404.1535(b)(2)(i), 416.935(b)(2)(i).

To make this determination, the ALJ first must assess disability under the five-step sequential evaluation process "without attempting to determine the impact of [plaintiff's] alcoholism on his other mental impairments." Bustamante v. Massinari, 262 F.3d 949, 955 (9th Cir. 2001). Only if the ALJ finds that a claimant is disabled under the five-step inquiry should the ALJ evaluate whether the claimant still would be disabled if he or she stopped using alcohol. Id.

Here, the record is replete with references to plaintiff's alcohol abuse; in fact, the ALJ found that plaintiff's alcoholism was a "severe" impairment. Tr. 30, 33, 35, 196-97, 220, 224, 228, 287, 289, 313, 315, 317, 364-72, 422, 570-73, 676. Yet, the ALJ failed to apply the sequential evaluation process without regard to plaintiff's alcohol abuse. Instead, the ALJ apparently determined

7 - OPINION AND ORDER

that alcohol contributed to plaintiff's psychological impairments, finding that plaintiff's incarcerations did not establish a significant period of sobriety and rejecting plaintiff's contention that his psychological condition did not vary during his alleged period of sobriety. Tr. 34. The ALJ discussed this issue at some length, citing evidence to refute plaintiff's contention that he abstained from alcohol use while incarcerated for several months. Tr. 34. However, this determination is only relevant if the ALJ first applies the sequential evaluation process and finds plaintiff disabled. These are factual findings beyond the authority of this court; they must be made by the ALJ and the Commissioner. See Ball, 254 F.3d at 821 ("This court therefore imposed a duty, in accordance with 20 C.F.R. § 404.1535, to 'separate out' non-substance-abuse impairments and determine whether the claimant would be disabled even if he stopped drinking or abusing drugs."). Therefore, remand for further proceedings is necessary. However, I discuss plaintiff's assignments of error to inform the proceedings upon remand.

Plaintiff argues that the ALJ failed to provide legally sufficient reasons for rejecting the conclusions of an examining physician and the non-examining medical expert. The Commissioner maintains that the ALJ properly evaluated their opinions.

The examining psychologist, Dr. Finney, completed a form in which he indicated that plaintiff was "severely occupationally

8 - OPINION AND ORDER

impaired" and had little capacity to: maintain attention for two hours; maintain regular and punctual attendance; work in coordination with and in close proximity to others; perform at a consistent pace; accept instructions and respond appropriately to criticism from supervisors; interact appropriately with the general public; or adhere to basic standards of neatness and cleanliness. Tr. 289, 291-93. The ALJ rejected Dr. Finney's conclusions, because Dr. Finney examined plaintiff only once and did not have knowledge of plaintiff's history, Dr. Finney did not employ objective testing methods, and plaintiff had been drinking twenty minutes before the evaluation and admitted to Dr. Finney that he was a "full blown alcoholic." Tr. 35, 287.

I agree with plaintiff that the ALJ cannot reject Dr. Finney's opinion in favor of the conclusion of the non-examining medical expert, Dr. Morrell, absent additional contradictory evidence in the record. While the lack of objective testing could arguably support giving lesser weight to Dr. Finney's opinion, generally, the opinions of examining physicians are entitled to greater weight than those of non-examining physicians. Lester v. Chater, 81 F.3d 821, 830-31 & n.8 (9th Cir. 1996).[2] Furthermore, the fact that

---

[2]The term "physician" includes psychologists and other health professionals. Lester, 81 F.3d at 830 n.7.

As noted by the Commissioner, the ALJ may reject Dr. Finney's conclusions to the extent he relied on plaintiff's subjective complaints in formulating his opinion, given the ALJ's adverse and undisputed credibility finding. "A physician's

9 - OPINION AND ORDER

plaintiff consumed alcohol twenty minutes prior to the examination is pertinent to the determination of whether plaintiff's alcohol abuse is a contributing factor material to disability - but only if the ALJ applies the sequential evaluation process without regard to plaintiff's alcohol use and finds plaintiff disabled.

Plaintiff next argues that the ALJ failed to credit the testimony of the non-examining medical expert, Dr. Morrell. In his testimony, Dr. Morrell suggested that plaintiff would have difficulty adjusting to employment other than his past relevant work. Tr. 681. Plaintiff maintains that Dr. Morrell was discussing plaintiff's psychological adjustment rather than his ability to be retrained for other work as the ALJ found, a vocational issue admittedly outside his area of expertise. Tr. 33. However, reading Dr. Morrell's testimony as a whole, it is unclear in what respect he deemed plaintiff limited in making the transition to other work. Tr. 675-81. Although Dr. Morrell testified that plaintiff was "marginally functioning" and that he would have serious difficulty in making a transition to other work, Dr. Morrell indicated that he did not think plaintiff was "terribly retrainable" due to his limited vocational skills. Tr. 680.

---

opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'" Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999) (quoting Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989)).

Further, Dr. Morrell also suggested that plaintiff would be able to perform unskilled work if plaintiff's social contacts were limited. Tr. 690. Therefore, the ALJ's interpretation of Dr. Morrell's testimony is arguably reasonable, although clarification of this testimony on remand would assist in further review.

I note that Dr. Morrell testified that he could not render a conclusive opinion regarding whether plaintiff's alcohol use materially contributed to his impairments.[3] Tr. 676. Again, Dr. Morrell's opinion and conclusions first must be considered without regard to plaintiff's alcohol use.

Finally, plaintiff argues that the ALJ relied on erroneous vocational expert testimony. Plaintiff emphasizes that the ALJ found that plaintiff did not retain the residual functional capacity to perform work requiring detailed instructions, and that all jobs identified by the vocational expert and relied upon by the ALJ include the ability to follow detailed instruction per the Dictionary of Occupational Titles (DOT). Defendant responds that the occupations identified have a specific vocational profile of 2, which corresponds with unskilled work, i.e., work that "needs little or no judgment to do simply duties that can be learned on the job in a short period of time." 20 C.F.R. §§ 404.1568(a),

---

[3]While Dr. Morrell eventually opined that plaintiff's alcohol use did not contribute to his psychological impairments, Dr. Morrell accepted plaintiff's contention that he had abstained from alcohol while incarcerated, a finding explicitly rejected by the ALJ. Tr. 35, 384-87.

11 - OPINION AND ORDER

416.968(a). Thus, defendant contends that the vocational expert testimony does not conflict with the DOT classifications.

I agree with defendant that plaintiff should have questioned the vocational expert with respect to any inconsistency with DOT classifications. Nevertheless, given the court's remand for further proceedings, the ALJ shall endeavor to resolve any conflict between the vocational expert's testimony and the relevant DOT classification or reasoning level. See Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).

## CONCLUSION

The ALJ's finding that plaintiff was not disabled under the Act is not supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is REVERSED and REMANDED for further administrative proceedings. The Commissioner shall evaluate of plaintiff's psychological impairments and the relevant evidence of record without regard to his alcohol abuse, and if plaintiff is deemed disabled, determine whether such abuse is a contributing factor material to his disability.

IT IS SO ORDERED.

Dated this  29   day of June, 2005.

                                /s/ Ann Aiken
                                  Ann Aiken
                         United States District Judge